

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
(212) 885-5000

08 CV 6315



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIANJIN COSCO SHIPPING CO. LTD.,

    Plaintiff,

-against-.

BLUE DIAMOND (HONG KONG) LTD.,

    Defendant.

08 Civ. 6315

**VERIFIED COMPLAINT**

---

Plaintiff TIANJIN COSCO SHIPPING CO. LTD ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, BLUE DIAMOND (HONG KONG) LTD. ("Defendant"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331 and 9 U.S.C. §203.

2.    At all material times, Plaintiff was and now is a business entity organized and existing under the laws of China.

3.    At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Hong Kong with its office and place of business

900200.00001/6652698v.1

at Unit C, 8/F, East Wing, Sincere Insurance Building, Hong Kong, and no office or place of business within this judicial district.

4. Pursuant to a charter party dated August 3, 2007 ("the Charter"), Plaintiff, as ship owner, chartered the M/V KANG SHENG KOU ("the Vessel") to Defendant, as charterer, to carry a cargo of barges and tugs from China to Angola.

5. In the performance of the Charter, Plaintiff earned demurrage in the sum of US$67,500 and a bunker surcharge in the sum of $194,968.47, which Defendant has failed and refused to pay, despite due demand.  Therefore, Plaintiff is entitled to judgment against Defendant in the sum of US$262,468.47 plus interest and costs.

6. Pursuant to the terms of the Charter, Plaintiff's claim is subject to arbitration in Hong Kong, and Plaintiff reserves its right to arbitrate pursuant to 9 U.S.C. § 8.

7. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Hong Kong arbitration.  Plaintiff estimates it will recover interest of at least US$45,055 at a rate of 8% per year, compounded quarterly, for two years, plus arbitrators' fees of at least US$60,000 and attorneys' fees of at least US$80,000.

8. The total amount for which Plaintiff seeks Process of Maritime Attachment is **US$447,523.47.**

9. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant is

engaged in international commerce using United States Dollars, of which all electronic fund transfers are processed by intermediary banks in the United States, mainly in New York City.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendants up to the amount of **US$447,523.47** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's claim, or retain jurisdiction over this matter through the entry of a judgment on an eventual arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       July 14, 2008

                                    Respectfully submitted,
                                    BLANK ROME LLP
                                    Attorneys for Plaintiff

                          By _____
                                    LeRoy Lambert (LL 3519)
                                    405 LexingtonAve.
                                    New York, NY 10174
                                    Tel.:  (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
14th day of July 2008

_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20 _10_

285251.1
900200.00001/6652698v.1

BLANK ROME, LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIANJIN COSCO SHIPPING CO. LTD.,

    Plaintiff,

-against-

BLUE DIAMOND (HONG KONG) LTD.,

    Defendant.

08 Civ. 6315

**AFFIDAVIT UNDER SUPPLEMENTAL RULE B**

STATE OF NEW YORK  )
                           ) ss:
COUNTY OF NEW YORK  )

    LeROY LAMBERT, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiffs herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiffs' request for the issuance of process of maritime attachment and garnishment of the property of defendant, BLUE DIAMOND (HONG KONG) LTD. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    2.    Defendant is a party to a maritime contract of charter party and is a foreign corporation, with no office or place of business in this Judicial District.

900200.00001/6652705v.1

3.  Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.  In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeROY LAMBERT

Sworn to before me this
14th day of July, 2008

_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20 10

900200.00001/6652705v.1

2